IN THE UNITED STATES DISTRICT COURT
FAYETTEVILLE DIVISION
WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| KEVIN BUEHNE,<br><br>    Plaintiff,<br><br>v.<br><br>ARKANSAS AND MISSOURI RAILROAD COMPANY,<br><br>Serve:   Registered Agent<br>           The Corporation Company<br>           124 West Capitol Avenue<br>           Suite 1900<br>           Little Rock, AR 72201<br><br>    Defendant. | Cause Number: *17-5126*<br><br>**JURY TRIAL DEMANDED**<br><br>CLERK TO ISSUE SUMMONS |

## COMPLAINT

Plaintiff Kevin Buehne, by and through his attorneys, Groves Powers LLC, and for his Complaint against Defendant Arkansas and Missouri Railroad Company, states:

1. Plaintiff Kevin Buehne is now and was at all times hereinafter mentioned a resident of Springdale, Arkansas.

2. Defendant Arkansas and Missouri Railroad Company ("Defendant") is a railroad corporation, incorporated in the state of Virginia, engaged in business as a common carrier in interstate commerce between the several states of the United States.

3. At all times relevant herein, including the present, Defendant has operated trains, owned tracks and yards and other property in the County of Washington, State of Arkansas.

4. At all times relevant herein, Plaintiff Kevin Buehne was employed by Defendant as a maintenance of way employee and engineer; his work substantially affected interstate commerce.

5. This claim is brought pursuant to the Federal Employers' Liability Act ("FELA"), 45

U.S.C. §§ 51, *et seq.*; Locomotive Inspection Act ("LIA"), 49 U.S.C. §§ 20701, *et seq.*; Safety Appliance Act ("SAA"), 49 U.S.C. §§ 20301, *et. seq.*; Hours of Service Act ("HSA"), 49 U.S.C. §§ 21101, *et seq.*; Track Safety Standards, 49 C.F.R. §§ 213.1, *et seq.*; Railroad Operating Rules, 49 C.F.R. §§ 217.1, *et seq.*; Railroad Communication, 49 C.F.R. §§ 220.1, *et seq.*; Railroad Locomotive Safety Standards, 49 C.F.R. §§ 229.1, *et seq.*; Railroad Safety Appliance Standards, 49 C.F.R. §§ 231.1, *et seq.*; Passenger Train Emergency Preparedness, 49 C.F.R. §§ 239.1, *et seq.*; and Qualification and Certification of Conductors, 49 C.F.R. §§ 242.1, *et seq.*

6. Venue is proper in this Court under 45 U.S.C. § 56.

7. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331.

8. On or about October 16, 2014 at or near Brentwood, Arkansas, Buehne was working as an engineer on Defendant's A&M 50 ("work train"), and the work train on which he was riding was involved in a collision with a Defendant's A&M 68 ("passenger train").

9. Defendant, its officers, employee or agents, were negligent in one or more of the following ways:

   a. Failed to provide Buehne with a reasonably safe place to work;

   b. Failed to provide reasonably safe conditions for work;

   c. Failed to provide reasonably safe methods of work;

   d. Failed to provide reasonably safe locomotives;

   e. Failed to provide reasonably safe railroad tracks;

   f. Failed to provide reasonably safe equipment or tools for work;

   g. Failed to provide necessary sight distance for the safe operation of locomotives;

   h. Failed to provide adequate rest for its crews;

   i. Failed to provide a crash-worthy locomotive;

j. Failed to provide a reasonably safe locomotive;

k. Failed to provide accurate gauges on the engine;

l. Failed to inspect, test, maintain or repair its railroad tracks;

m. Failed to inspect, test, maintain or repair its locomotive engines;

n. Used or permitted to be used on its line a train with defective/inoperable brakes;

o. Failed to properly dispatch its trains;

p. Failed to ensure and enforce that its employees operated trains at restricted speed when necessary;

q. Failed to give proper exact locations as to other trains operating on the same track as Buehne;

r. Failed to advise Buehne of the exact location of the passenger train prior to its collision with the work train;

s. Failed to put up portable derails, red boards, red flags, torpedoes or fusees which would have prevented the collision;

t. Failed to provide proper and secure lines of communication between train crews and other train crews and train crews and dispatch;

u. Failed to establish the necessary towers or transmitters for effective radio service in the area surrounding the location of the crash;

v. Allowed residue and oil from leaves, or other foreign substances, to remain on its track thereby creating a dangerous situation (black rail) and this caused the train, struck by the train operated by Buehne, to stall on the tracks; and/or

w. Failed to prevent the accumulation of leaves, oil from leaves, or other substance/debris from causing a lack of adhesion on the railroad tracks.

10. Defendant, its officers, employees or agents, were negligent in one or more of the following ways:

   a. Violated the LIA, by using or permitting to be used on its line of railroad a locomotive which was not in proper condition without unnecessary danger of personal injury;

   b. Violated the SAA, by using or permitting to be used on its railroad tracks a train that did not contain a properly functioning braking system;

   c. Violated the HSA, by requiring Buehne to work hours in excess of the maximum requirements set forth therein;

   d. Violated the HSA by not providing sufficient rest time between work duty shifts for Buehne as required by the HSA;

   e. Violated 49 C.F.R. § 213.1 in that it failed to maintain or repair track conditions that were unsafe for operation;

   f. Violated 49 C.F.R. § 213.233 in that a proper track inspection was not performed and immediate remedial action was not taken for a deviation from the requirements of 49 C.F.R. Part 213;

   g. Violated 49 C.F.R § 213.321 in that trees and vegetation improperly obstructed track visibility;

   h. Violated 49 C.F.R. § 217.9 by failing to properly periodically conduct operational tests and inspections to ensure compliance with its operating rules;

   i. Violated 49 C.F.R. § 217.11 by failing to properly instruct employees on its operating rules in accordance with a written program;

   j. Violated 49 C.F.R § 220.9 by not having properly working radios on its locomotives;

   k. Violated 49 C.F.R. § 220.21 by failing to have operating rules in compliance with the

requirements of 49 C.F.R. Part 220;

l. Violated 49 C.F.R § 220.25 in that it did not instruct its employees in the proper use of radio communication;

m. Violated 49 C.F.R § 220.37 in that it failed to test its radios;

n. Violated 49 C.F.R § 220.38 in that it did not remove nonfunctioning radios from service;

o. Violated 49 C.F.R. § 220.43 by using radio communication in connection with a railroad operation which conflicted with 49 C.F.R. Part 220;

p. Violated 49 C.F.R. § 220.45 by acting upon radio communication not in compliance with 49 C.F.R. Part 220;

q. Violated 49 C.F.R. § 220.61 by communicating mandatory directives not in compliance with 49 C.F.R. Part 220;

r. Violated 49 C.F.R. § 220.302 by not adopting operating rules that implement the requirements of 49 C.F.R. § Part 220, Subpart C;

s. Violated 49 C.F.R. § 220.305 in that its employees used personal electronic devices when on a moving train;

t. Violated 49 C.F.R. § 229.7;

u. Violated 49 C.F.R. § 229.45 as its locomotive was not free of conditions that endangered the crew;

v. Violated 49 C.F.R. § 239.101, in that Defendant did not have a proper emergency preparedness plan;

w. Violated 49 C.F.R. § 239.103, in that Defendant did not perform proper passenger train emergency simulations;

  x. Violated 49 C.F.R. § 239.105, in that Defendant did not perform a proper debriefing or critique following an emergency simulation;

  y. Violated 49 C.F.R. § 239.301, in that Defendant did not conduct proper operational tests and inspections; and/or

  z. Violated 49 C.F.R. § 242.403(e)(4) in that the work train conductor failed to prevent the work train engineer from occupying a segment of main track without proper authority or permission.

11. The aforementioned negligence of Defendant caused or contributed to cause, in whole or in part, Buehne to suffer the following serious, painful, and permanent injuries: injuries to his neck, back, left knee, right knee, right thigh, head, including PTSD, and the adjacent nerves, blood vessels, soft tissues, ligaments, muscles and bones and adjacent structures; Buehne suffered and will continue to suffer mental anguish; Buehne was caused to undergo medical treatment, tests, surgery, therapy and x-rays and will require future medical treatment; Buehne has expended or obligated himself for necessary and reasonable medical expenses and hospital care and will in the future be caused to expend further such sums for medical treatment and, possibly, surgery; Buehne has lost wages, fringe benefits and will in the future lose further such wages and fringe benefits; Buehne has experienced pain and suffering and will experience future pain and suffering as a result of Defendant's negligence; Buehne's ability to work, labor, and enjoy the normal pursuits of life has been impaired and lessened all to his detriment.

WHEREFORE, Plaintiff Kevin Buehne prays for Judgment against Defendant Arkansas and Missouri Railroad Company for a sum, fair and reasonable under the circumstances, together with his costs herein expended.

                Respectfully submitted,

                GROVES POWERS, LLC

                */s/ Steven L. Groves*

                Steven L. Groves, # 40837
                One U.S. Bank Plaza
                505 North 7th Street, Suite 2010
                St. Louis, Missouri 63101
                Telephone: 314.696.2300
                Facsimile: 314.696.2304
                Email: sgroves@grovespowers.com

                ATTORNEY FOR PLAINTIFF